SPRINGFIELD (CITY), PLAINTIFF-APPELLEE, *v.* SAUNDERS ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Second District, Clark County.

No. 586. Decided January 11, 1962.

10

*Mr. Thomas J. Veskauf,* law director, and *Mr. Charles E. Carter,* assistant law director, for plaintiff-appellee.

*Messrs. Butler, Addison, Smith & Carmack,* by *Mr. Ralph G. Smith,* of counsel, for defendants-appellants.

KERNS, J. This is an appeal on questions of law from a a declaratory judgment of the Court of Common Pleas of Clark County.

An ordinance of the city of Springfield imposes a tax on the income of residents of said city.

The defendants, who are residents of Springfield, members of the Air National Guard, and employed full time as air technicians by the Air National Guard at Springfield Municipal Airport, contend that they are exempt from the provisions of the income tax ordinance by reason of Section 718.01, Revised Code, which provides in part:

"No municipal corporation shall tax the military pay or allowance of members of the Armed Forces of the United States * * *"

The plaintiff admits that the portion of the defendants' income which is received for training incident to membership

in the Air National Guard is not taxable, but contends, however, that the portion of defendants' income derived from full-time employment by the Air National Guard is taxable.

The controlling issue in the case therefore is whether the portion of defendants' income received from their employment as air technicians is 'military pay' within the intent and purpose of Section 718.01, Revised Code.

In this regard, it is significant that the income sought to be taxed is computed on an hourly-based wage scale as determined by the scale paid government workers in the same area. It also appears that the income sought to be taxed is subject to the State and Federal Retirement Systems. On the other hand, the defendants argue that they must be members of the Air National Guard to qualify for employment as air technicians, and that their income from both sources, therefore, is military pay. The most persuasive factor in the case, however, in our opinion, is that the defendants may resign their positions and terminate their employment for which they receive the income in question at their pleasure, and they may accept employment elsewhere in another public or private position without affecting their military status as members of the Air National Guard. Such service is not therefore inseparably connected with or inter-related to their military status as members of the Air National Guard. Nor are the terms of such *employment* consistent with what is commonly understood and conceived to be *service* in the armed forces of the United States. In their dual capacities as servicemen and employees, the defendants have distinct roles. Their employment by the Guard is governed by different regulations, affords distinct benefits and imposes different duties than their service in the Guard. And the mere fact that membership in the Air National Guard is a prerequisite to employment by that organization does not change the nature of that portion of the income which the defendants receive as employees. In this regard, we agree with the trial court's observation ''that this qualification and requirement of employment does not of itself stamp all their earnings 'military pay' any more than a like condition required by a private employer would necessarily make such private employment 'military' and the income derived therefrom 'military

pay.' The mere fact that an employee must be a member of the Air National Guard in order to obtain his position is not conclusive as to either the nature of the employment or the pay derived therefrom.''

The Air National Guard Regulations, which were introduced as an exhibit in the case, give further support to the conclusion that air technicians employed by the Air National Guard are not military personnel. These regulations, which give recognition to the fact that certain civilian positions are exclusively limited to members of the Air National Guard, are entitled ''Civilian Personnel,'' and air technicians are by definition therein treated as a part of the Air National Guard Civilian Personnel. The same regulations define a ''temporary air technician'' as ''a person employed for a stated period of time as a temporary replacement for an air technician who is *absent in a military status.* * * *'' (Emphasis ours.) By implication, the latter definition clearly depreciates the claim that the defendants, as full-time air technicians, presently have military status.

In the case of *Commissioner of Internal Revenue* v. *William 1. Connelly*, 338 U. S., 258, the Supreme Court of the United States held that military status alone was not sufficient to justify tax exemption unless the taxpayer actually received the pay sought to be taxed as the result of that status. In reaching its conclusion, the court said:

''It is apparent that taxpayer had a dual status. He had a limited military status with the rank of lieutenant commander and later that of commander. He had also the status of a civil service employee, carefully so limited and with all the privileges incident to such status. He was given just enough military status to enable him effectively to carry out his duties. All considerations of an economic character pertaining to his employment by the Government were related to his civil service status. * * * * * * * * *

''We agree that he had a military status for some purposes. But the question for tax purposes is whether he received his pay in that status.''

Likewise in the instant case, the defendants' employment as air technicians is marked almost exclusively with civilian

characteristics, and we are convinced that their compensation therefor is not 'military pay' within the intent and purpose of the applicable statute. Furthermore, the laws relating to exemption from taxation, being in derogation of equal rights, are strictly construed as against such exemption and in favor of the taxing authorities. See 38 Ohio Jurisprudence, 852, Section 114. For this reason, one claiming an exemption must affirmatively establish his right thereto. See *National Tube Co. v. Glander, Tax Commr., et al.*, 157 Ohio St., 407; *Goldman v. Robert E. Bentley Post No. 50, American Legion*, 158 Ohio St., 205.

Accordingly, we are of the opinion that it would be discriminatory and unjust to exempt the income earned by the defendants as civilians from taxation solely because they are members of the Air National Guard.

The judgment will be affirmed.

CRAWFORD, P. J., and SHERER, J., concur.