CITY OF BELLEFONTAINE *v.* KROUSE.

(No. 78 CRB 19—Decided April 4, 1978.)

Bellefontaine Municipal Court.

*Mr. John L. Ross,* for plaintiff.
*Mr. James R. Goslee III,* for defendant.

O'CONNOR, J. The criminal charge in this case raises
the issue of whether $11,946 received in 1976 by defendant

from the Treasurer of the United States, as compensation for duties performed as Administrative Supply Technician of the Ohio National Guard is taxable by the city of Bellefontaine, Ohio, under R. C. 718.01 which prohibits taxation by municipalities of "the military pay or allowances of members of the armed forces of the United States."

At trial, the evidence related to the two sides of the questions of (1) whether, in light of defendant's duties as Administrative Supply Technician, defendant's pay was "military" pay and (2) whether defendant was a member of the Armed Forces of the United States. Most of the trial testimony related to the first question. However, in its post-trial brief, the city concedes that the pay was "military" pay. In any event, this court is satisfied that and finds that the pay was "military pay" in so far as the question depends on the nature of defendant's duties.

The remaining question is whether defendant in his capacity as Administrative Supply Technician of the Ohio Army National Guard is a member of the "armed forces of the United States."

In interpreting the expression "members of the armed forces of the United States" in R. C. 718.01, in the absence of definitions in state law, several definitions in the federal statutes become pertinent. First, the expression "armed forces" is there defined to include the Army. Section 101 (4), Title 10, U. S. Code. In turn, Section 3062 (c), Title 10, U. S. Code, defines the "Army":

"The Army consists of—(1) The Regular Army, the *Army National Guard of the United States*, The Army National Guard while in the service of the United States, and the Army Reserve." (Emphasis added.)

Both Title 10 of the United States Code, pertaining to "The Army," and Title 32, pertaining to the "National Guard," define the "Army National Guard of the United States" as "the reserve component of the Army whose members are members of the Army National Guard." Section 101 (11), Title 10, U. S. Code and Section 101 (5), Title 32, U. S. Code, respectively. The "Army National Guard of the United States" is defined as federally recognized

units of the Army National Guard. Section 3077, Title 10, U. S. Code. Evidence at trial was uncontroverted that the Ohio Army National Guard is such a federally recognized unit.

Congressional purpose finds expression in Section 102, Title 32, U. S. Code, "General Policy," providing in part:

"In accordance with the traditional military policy of the United States, it is essential that the strength and organization of the Army National Guard and the Air National Guard as *an integral part of the first line defenses of the United States* be maintained and assured at all times. * * *" (Emphasis added.)

The city argues in its reply brief that defendant's chain of command is composed of Ohio National Guard officers and the Governor of the state of Ohio, and argues further that although defendant is affiliated with the U. S. Army, he is a full-time employee of the state of Ohio. But, if so, at the least defendant is an unusual full-time employee of the state of Ohio, for the pay here in question comes in full from the United States Army (in bureaucratese, Treasurer of the United States, Army Finance, Ft. Benjamin Harrison, Department of the Army). The W-2 form marked and admitted as state's Exhibit A was issued by an agency known as the United States Property and Fiscal Office, through its Wilmington, Ohio, office.

In addition to the U. S. Army being the source of the pay here in question, other factors are present indicative of a close relationship with the regular army. Defendant is required to wear a uniform issued and owned by the U. S. Army and carrying the label "U. S. Army." Recognition of the unit of the ONG as a reserve unit of the U. S. Army is made by federal authorities. The job description of the position cames from U. S. sources.

The only Ohio case cited by the parties is *Springfield* v. *Saunders* (1962), 118 Ohio App. 59. There the court did face the issue of whether the pay was "military" pay and concluded that the employment as air technician was marked almost exclusively with civilian characteristics. In

the instant case, from the evidence before the court, the military character of the administrative supply technician position is paramount. Further, as noted above, the city concedes, in the case at bar, that the pay was "military pay."

Under the federal statutory definitions cited above, a captain in the Wisconsin Army National Guard was held to be "a member of the United States Army." *Herreman* v. *United States* (C. A. 7, 1973), 476 F. 2d 234.

For the reasons stated, this court finds that defendant's pay was military pay as a member of the Armed Forces of the United States.

It is ordered, adjudged and decreed that defendant be and hereby is found "not guilty" of the charges herein.

*Defendant discharged.*